**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-2995                          Caption [use short title]

**Motion for:** Stay Pending Appeal

Doe v. Mullin

Set forth below precise, complete statement of relief sought:

The government requests a stay of the district court's

November 19, 2025, order granting preliminary

relief under 5 U.S.C. § 705 by postponing the effective

date of a determination by the Secretary of

Homeland Security

**MOVING PARTY:** Defendants/Appellants            **OPPOSING PARTY:** Plaintiffs/Appellees

☐ Plaintiff          ☑ Defendant

☑ Appellant/Petitioner          ☐ Appellee/Respondent

**MOVING ATTORNEY:** Mark Osmond          **OPPOSING ATTORNEY:** Megan McLaughlin Hauptman

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office, SDNY                          International Refugee Assistance Project

86 Chambers Street, Floor 3, New York, NY 10007          650 Massachusetts Avenue, NW, Suite 600, Washington DC 20001

212-637-2713; mark.osmond@usdoj.gov          646-939-7329; mhauptman@refugeerights.org

Court- Judge/ Agency appealed from: Southern District of New York / Katherine Polk Failla, J.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☑ No
Has this relief been previously sought in this court?   ☐ Yes ☑ No

Requested return date and explanation of emergency: We request a return date of Thursday, July 9. The reason for the emergency is that, in an order recently reversed by the Supreme Court, the district court indefinitely postponed a lawful, unreviewable determination by the Secretary of Homeland Security that Syria's Temporary Protected Status should be terminated based on considerations of foreign policy, national security, and the national interest.

Is the oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**
*Mark Osmond*          **Date:** 7/1/2026          Service : ☑ Electronic   ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| Dahlia Doe, et al., <br><br>       Plaintiffs-Appellees, <br><br>   v. <br><br> Markwayne Mullin, United States Department of Homeland Security, in his official capacity, et al., <br><br>       Defendants-Appellants. | Docket No. 25-2995 |

## Defendants-Appellants' Renewed Motion for a Stay

## Introduction

The government respectfully requests a stay of the district court's postponement order pending the Supreme Court's return of the case to this Court, and an immediate administrative stay while considering this motion. The Supreme Court has now reversed the district court's decision postponing the effective date of the termination of Syria's Temporary Protected Status ("TPS") designation. *Mullin v. Doe,* No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026). The district court's decision has now delayed the termination of Syria's TPS designation for more than seven months. Now that the district court's decision has been reversed, and the Supreme Court has determined that that postponement has been

erroneous all along, the termination should be implemented without delay. Further delays in effectuating the Supreme Court's decision will continue to irreparably harm and unjustly delay the government's ability to implement its lawful decisions.

## Background

On November 19, 2025, the district court entered an order postponing the effective date of the termination of Syria's TPS designation. *See* 5 U.S.C. § 705; Dist. Ct. Dkt. Nos. 54, 59. The district court and this Court denied the government's motions to stay that decision pending appeal. Dist. Ct. Dkt. No. 59 at 34–35; *Doe v. Noem*, No. 25-2995, 2026 WL 544631 (2d Cir. Feb. 17, 2026).

The Supreme Court granted certiorari before judgment and reversed the district court. *Mullin v. Doe*, 2026 WL 1825840.

## ARGUMENT

The Supreme Court has resolved this appeal by reversing the district court's decision. *Id.* Thirty-two days after issuing that decision, the Supreme Court will send the Clerk of this Court a copy of the opinion and "a certified copy of the judgment." Sup. Ct. R. 45.3. In the interim, this Court should promptly effectuate the Supreme Court's decision by

2

staying the district court's erroneous postponement order.

A stay is warranted when (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits," (2) "the applicant will be irreparably injured absent a stay," and (3) the public interest and balance of the equities support a stay. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Application of that standard is straightforward here. As to likelihood of success on the merits, the government is certain to prevail on the merits, having already done so, which lessens the importance of the other factors. *See Mullin v. Doe*, 2026 WL 1825840, at *13 (reversing the district court); *cf. Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020) ("With likelihood of success totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay."). The remaining factors also provide no reason to delay effectuating the Supreme Court's decision in favor of the district court's now-reversed interim order. Each day the district court's incorrect decision remains in effect irreversibly blocks the Executive Branch by preventing it from implementing its lawful decision. And the Supreme Court has already concluded, twice, that the

3

government has suffered irreparable harm from erroneous stays of TPS terminations. *Noem v. Nat'l TPS Alliance*, 145 S. Ct. 2728 (2025); *Noem v. Nat'l TPS Alliance*, 146 S. Ct. 23, 24 (2025).

The harm to the government and the public interest is particularly acute and concrete here because the then-serving Secretary of Homeland Security determined Syria's TPS designation "is contrary to the national interest" for several reasons. *Termination of the Designation of Syria for Temporary Protected Status*, 90 Fed. Reg. 45,398, 45,400 (Sept. 22, 2025). The Secretary found "significant public safety and national security risks associated with the continued designation." *Id.* at 45,401. The Secretary noted Syria's past support for terrorism, and the fact that the United States at present lacks access to reliable records to "adequately vet Syrian nationals for identity, criminal history, or potential terrorist affiliations, posing an ongoing threat to public safety and national security of the United States." *Id.* Moreover, the Secretary described "compelling foreign policy reasons" for ending the designation, noting the "new opportunity for U.S. and Syrian relations" and U.S. government efforts to "assist[] Syria in its next chapter in the post-Assad era"; that "broader diplomatic engagement with Syria's transitional government"

4

would be "complicate[d]" by extending the TPS designation. *Id.* at 45,401–02.

There is no public interest in further perpetuating the district court's error, nor is there an equitable reason to do so. The district court has now erroneously impeded the Executive Branch for more than seven months. The Court should enter a stay, and an immediate administrative stay, to prevent that error from persisting any longer.

## CONCLUSION

The Court should promptly stay the district court's now-reversed postponement of the effective date of the termination of Syria's TPS designation, and immediately enter an administrative stay while considering this motion.

5

Dated:  New York, New York          Respectfully submitted,
        July 1, 2026

                                    JAY CLAYTON
                                    United States Attorney for the
                                    Southern District of New York
                                    *Attorney for Defendants-Appellants.*

                              By:   /s/ *Mark Osmond*
                                    MARK OSMOND
                                    BENJAMIN H. TORRANCE
                                    Assistant United States Attorneys
                                    86 Chambers Street, Third Floor
                                    New York, NY 10007
                                    Telephone: (212) 637-2713
                                    Email: mark.osmond@usdoj.gov

**Certificate of Compliance**

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 790 words.