

**IRAP**
International Refugee
Assistance Project

<u>Via ACMS</u>

July 1, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Dahlia Doe v. Mullin*, No. 25-2995

Dear Ms. Wolfe:

On behalf of Plaintiffs-Appellees, we write to alert the Court of our intention to file an opposition to a motion filed by the Defendants-Appellants that registered late today on ACMS. In the absence of any emergency, Defendants-Appellants renew their motion for a stay of a preliminary order postponing the effective date of the termination of Temporary Protected Status ("TPS") for Syria and seek an administrative stay pending this Court's consideration of the renewed motion. Defendants-Appellants emailed counsel for Plaintiffs-Appellees two hours before filing their motion and filed before Plaintiffs-Appellees could confirm their position on the motion. Defendants-Appellants ask this Court to issue an order stripping more than 6,100 Syrian TPS holders of lawful status and work authorization immediately, despite the fact that the Supreme Court denied their application for a stay and did not expedite issuance of the mandate.

Defendants-Appellants' renewed emergency motion comes after the Supreme Court granted certiorari before judgment in this case and issued its opinion on June 25, 2026. While the Supreme Court reversed the district court's postponement order and remanded for further proceedings, the Court did not vacate the order and denied the Defendants-Appellants' pending application for a stay. *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840, at \*2 (June 25, 2026). Subsequently, the Supreme Court informed this Court that the judgment or mandate "would not issue for at least thirty-two days pursuant to Rule 45." Dkt. No. 54.1. The Supreme Court did not, as it has done in other cases, expedite the issuance of the mandate. *Compare Mullin v. Doe*,

One Battery Park Plaza, 33rd Floor, New York, NY 10004
refugeerights.org  |  twitter.com/IRAP  |  facebook.com/RefugeeAssist

2026 WL 1825840, at *13 *with Callais v. Louisiana*, No. 25A1197 (May 4, 2026).[1] Defendants-Appellants' motion implicates important issues requiring full briefing and full consideration by this court—not on an emergency basis—including whether this Court has jurisdiction over this appeal prior to the issuance of the Supreme Court's mandate. *See United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (court does not regain jurisdiction until the issuance of appellate mandate) (citing *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988)). The Supreme Court has already decided the pending appeal, negating any justification for a stay *pending* appeal in this Court. Further, the weight of the equitable factors favors allowing Plaintiffs-Appellees to maintain the status quo and to proceed directly to the district court for further proceedings. While the Supreme Court reversed a grant of preliminary relief on certain claims, it is not a foregone conclusion that Plaintiffs-Appellees may not pursue or succeed on alternative claims and obtain relief in the district court, including on an expedited basis.

And granting an emergency administrative stay prior to the issuance of a mandate instead of remanding to the district court for further proceedings will cause irreparable and severe harm to Plaintiffs-Appellees. Dkt. No. 37.1 at 3 (Plaintiffs-Appellees face irreparable harm from being "stripped of their authorization to work in the United States and [from] fac[ing] immediate removability to Syria.").

Defendants-Appellants' generalized claims of purported irreparable harm suffer from the same infirmities this Court has rejected, *see id.* (Defendants-Appellants' failure to explain how generalized public safety and national interest harms are "sufficiently 'actual and imminent' to justify immediate intervention" and failure "to demonstrate irreparable harm is a sufficient basis to deny [a] stay" (internal quotation modified and citation omitted)). The Supreme Court did not address these generalized claims, and in any case Defendants-Appellants point to no *actual* harm which has resulted from the postponement order in effect during the period the case has been under review.

Defendants-Appellants requested a return date of Thursday, July 9, 2026 on Form T-1080. *See* Dkt. No. 55.1. But this motion does not warrant an emergency administrative stay, and this Court should provide the Plaintiffs-Appellees the full time to respond under the Federal Rules of Appellate Procedure 27(3) ("Rule 27(3)"). The district court today ordered the parties to submit a status report to the

---

[1] The Supreme Court docket for *Callais v. Louisiana* is available at
https://www.supremecourt.gov/docket/docketfiles/html/public/25a1197.html.

court on or before July 16, ECF No. 81 (July 1, 2026). There is no reason for this Court to upset the speedy and orderly process being managed by the district court.

For the foregoing reasons, this Court should grant Plaintiffs-Appellees until July 13, 2026 to file their response as permitted under Rule 27(3) and deny the request for an emergency administrative stay. Should this Court require a response prior to that date, Plaintiffs-Appellees will prepare and file a response if so ordered.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

INTERNATIONAL REFUGEE
  ASSISTANCE PROJECT

/s/ *Guadalupe Aguirre*
Guadalupe Aguirre
Ghita Schwarz
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
laguirre@refugeerights.org
gschwarz@refugeerights.org

Megan Hauptman
650 Massachusetts Ave NW
Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

MUSLIM ADVOCATES
Melissa Shay Keaney
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 655-2969
melissa@muslimadvocates.org

VAN DER HOUT LLP
Marc Van Der Hout
Johnny Sinodis
Oona Cahill
360 Post Street, Suite 800 San
Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

*Counsel for Plaintiffs-Appellees*

cc: All counsel of record via ACMS